**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIGUEL RIOS AND SHIRLEY H. RIOS,

Plaintiffs,

**CASE NO. 16-CV-81973-KAM**

vs.

RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

Defendant,
________________________________/

**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO ABATE PENDING OUTCOME OF STATE COURT LITIGATION**

Defendant, RUSHMORE LOAN MANAGEMENT SERVICES, LLC (**"Rushmore"**), by and through undersigned counsel and pursuant to Rule 12(b)(6), *Fed.R.Civ.P.*, respectfully requests that this Court dismiss the above-styled action on the grounds set forth below or, alternatively, pursuant to the *Colorado River* doctrine, abate this litigation pending the outcome of litigation pending in the county court in the Fifteenth Judicial Circuit in and for Palm Beach County. In support thereof, Rushmore states as follows:

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

1

## I. Introduction:

Plaintiffs have filed this lawsuit against Rushmore alleging that it has violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, *et seq.* ("**RESPA**") RESPA and Fair Debt Collections Practices Act 15 U.S.C. §1692 *et seq.* ("**FDCPA**"). Rushmore has not committed any servicing errors, much less violated RESPA. Further, the monies that Rushmore has attempted to collect from Plaintiffs are all valid and owed under the contracts between the parties. In fact, the complaint and exhibits thereto establish that Rushmore timely responded to each request for information and notice of error sent to it by Plaintiffs. Further, the complaint and exhibits also establish that the alleged servicing errors and unfair debt collection complained about by Plaintiffs in this lawsuit is simply a dispute over whether Plaintiffs were liable to repay Rushmore $4,024.72 that Rushmore paid towards property taxes and hazard insurance. Rushmore maintains that Plaintiffs owed the $4,024.72 pursuant to the terms of the Note, Mortgage and permanent loan modification. As this Court is well aware, however, even if Plaintiffs' interpretation of the contracts is accurate (which Rushmore disputes) these allegations do not rise to a violation of RESPA or the FDCPA.

Also, this is the second lawsuit filed by Plaintiffs against Rushmore alleging that it has violations of a similar consumer protection statute, Florida's Consumer

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

2

Collection Practices Act §§559.55 – 559.785 (the "**FCCPA**). Based on the fact that both lawsuits involve Rushmore servicing of Plaintiffs' mortgage loan, alternatively to dismissing the above-styled case, this Court should abate the above-styled case pending the outcome of the state court litigation.

## II. Background Facts:

### a. The Loan:

On December 21, 2004, Plaintiffs borrowed $295,000 from Countrywide Home Loans, Inc. (the "**Original Lender**"). *See*, Complaint at ¶19 – 20. To secure repayment of the monies, Plaintiffs granted the Original Lender a mortgage (the "**Mortgage**") on real property owned by them located at 87 Lane N., Loxahatchee, Florida 33470 (the "**Property**"). *Id.*

### b. The Foreclosure:

Plaintiffs failed to make the payment due on October 1, 2011 and all subsequent payments and on August 2, 2012, Bank of America, N.A., the successor-in-interest to Original Lender, filed suit to enforce the Note and foreclose the Mortgage in Palm Beach County, Florida (the "**Foreclosure**"). Complaint at ¶22; Ex. A at ¶2.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

3

**c. The Loan Modification:**

On information and belief, during the pendency of the Foreclosure an entity named Fay Servicing, LLC ("**Fay Servicing**") began servicing Plaintiffs' mortgage loan. *See,* Complaint at Ex. A. On September 11, 2015, during the time frame where Fay Servicing was the mortgage servicer for Plaintiffs' loan, Plaintiffs submitted a loss mitigation application requesting a loan modification. *See*, Complaint at ¶25. Fay Servicing reviewed the loss mitigation application and on November 25, 2015 offered Plaintiffs at trial modification plan. *See*, Complaint at ¶¶26-28; Ex. "A." As of November 25, 2015, the arrearages on Plaintiffs' mortgage loan were $82,209.03. *Id* at Ex. "A," ¶2. However, pursuant to the terms of the trial loan modification, if Plaintiffs timely made certain payments the Foreclosure would be stalled and Plaintiffs would receive a permanent loan modification that would cure all of the arrearages. *Id.* at ¶28; Ex. "A," ¶3. Specifically, the trial modification plan required Plaintiffs to pay $5,246.64 on December 10, 2015 and then three additional payments of $2,317.84 on January 1, 2016, February 1, 2016 and March, 2016. *Id.* at ¶27; Ex. "A," ¶27. These were the only payments due under the trial modification plan. *Id.* The trial modification plan stated that "[f]ollowing timely payment of each payment due under the Payment Schedule, Lender will provide a loan modification agreement to cure the

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

4

remaining arrearage." Ex. "A" at ¶3. It also provided that "[t]he payments made under this Agreement shall be posted to the Loan without Lender waiving its default or right to resume or commence the Foreclosure Proceedings." *Id.*

Notably, Rushmore began servicing Plaintiffs' loan on December 1, 2015 – between the date the trial loan modification was offered and when it was accepted by Plaintiffs. Complaint at Ex. "L" at p. 18. On December 8, 2015, Plaintiffs accepted the trial loan modification by returning the signed agreement and a payment of $5,246.64 to Fay Servicing. Complaint at Ex. "B." Even so, in accordance with Federal law the trial modification was recognized and honored by Rushmore. Plaintiffs timely made the payments under the trial modification plan. Complaint at ¶¶29 – 33. Prior to receiving the permanent loan modification, Plaintiffs also voluntarily made two additional payments of $2,317.84 in April, 2016 and May, 2016. *Id.* at ¶¶34 – 37. These payments were not applied to the $308,048.68 in unpaid principal or the $82,209.03 in past due interest. Instead, the monies were placed in the suspense account pending the acceptance by Plaintiffs of a permanent loan modification.

On May 2, 2016, pursuant to Plaintiffs' performance of the terms in the trial modification, Rushmore sent Plaintiffs an *offer* for a permanent loan modification. *Id.* at ¶; Ex. "C." The permanent loan modification offer was accepted by

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

5

Plaintiffs on May 11, 2016. *Id.* at Ex. "E" at p. 4. Rushmore received the permanent loan modification executed by Plaintiffs' on or before May 17, 2016. *Id.* at p. 5. Rushmore executed the permanent loan modification offer on May 17, 2016. *Id.* Pursuant to the terms of the permanent loan modification, the unpaid principal balance of Plaintiffs' loan was adjusted to $352,099.88 and the due date was moved from April 1, 2012 to April 1, 2016. *Id.* On May 24, 2016, Rushmore updated Plaintiffs' account and implemented the terms of the loan modification. *Id.* at Ex. "O."

The permanent loan modification adjusted the unpaid principal balance on Plaintiffs' loan to $352,099.88 and provided that monthly payments in the amount of $2,413.47 would be due for the April 1, 2016 payment. *Id.* At this point, Rushmore also reversed the payments that had been applied to the April 1, 2012, May 1, 2012 and June 1, 2012 payments and placed it in the suspense account for Plaintiffs' loan. Complaint at Ex. "O." The terms of the permanent loan modification were not altered by this transaction. Per the terms of the permanent loan modification, the unpaid principal balance remained $352,099.88 and the loan was due for April 1, 2016 (**<u>as opposed to April 1, 2012</u>**). Complaint at Ex. "E."

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

6

At this point, Plaintiffs had $5,437.90 in their suspense account ($1,748.88[1] x 3 plus the additional $191.26 paid on May 17, 2016 by Plaintiffs). Complaint at Ex. "O." Rushmore applied $4,024.72 of these monies towards the amounts it had fronted to pay property taxes and hazard insurance on behalf of Plaintiffs. *Id.* That left $1,413.18 remaining in Plaintiffs' suspense account. On May 27, 2016, Plaintiffs made a payment of $2,413.47 which was placed in the suspense account bringing the total to $3,826.65. *Id.* On May 31, 2016, Rushmore applied the monies in Plaintiffs' suspense account to the payments due for April 1, 2016 and May 1, 2016. *Id.* This left Plaintiffs' suspense account at a negative $1,000.29. This is reflected in Plaintiffs' monthly statement issued on June 10, 2016. Complaint at Ex. "H."

**d. <u>Plaintiffs' Requests For Information to Rushmore</u>:**

Plaintiffs received the offer for the permanent loan modification on May 2, 2016. Complaint at ¶38. Despite describing it as the "long awaited" modification, Plaintiffs did not immediately sign and return it to Rushmore. Instead, on May 4, 2016, Plaintiffs sent Rushmore a request for information pursuant to 12 C.F.R. §1024.36 (the "**First RFI**"). In the First RFI, Plaintiffs requested information

[1] This was the original monthly payment amount pursuant to the terms of the Note and Mortgage.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

7

related to charges listed on a statement mailed to them on March 11, 2016. Obviously, the March 11, 2016 statement was ***prior*** to the acceptance of the permanent loan modification. Regardless, Rushmore timely responded to each portion of the First RFI. Plaintiffs acknowledge this in their complaint. *See*, Complaint at ¶¶58- 59. Plaintiffs contend that Rushmore did not adequately respond to the First RFI. Complaint at ¶¶63 – 64. However, a review of Rushmore's response to the First RFI conflicts with this allegation. *See*, Complaint at Ex. "G." Despite the fact that Plaintiffs sent the First RFI in between receipt and acceptance of the permanent loan modification, Rushmore's response addresses this fact. *Id.* The response outlines the charges that existed on Plaintiffs' account prior to the permanent loan modification and also acknowledges how the charges were adjusted after the loan modification. *Id.*

**e. Plaintiffs' July 18, 2016 First NOE and Second RFI:**

On May 11, 2016 Plaintiffs accepted the permanent loan modification, on May 17, 2016 Rushmore received it and executed it, on May 24, 2016 Rushmore updated Plaintiffs' account with the new balance and due date and on May 31, 2016, Rushmore applied monies in Plaintiffs' suspense account to the payments due April 1, 2016 and May 1, 2016. On June 11, 2016, Rushmore sent Plaintiffs a monthly statement reflecting the amounts due for July 1, 2016. This was,

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

8

obviously, the first monthly statement to reflect the amounts owed by Plaintiff after the permanent loan modification was finalized and implemented in Rushmore's records. It reflected that Plaintiffs owed Rushmore the payment due June 1, 2016 and July 1, 2016. Plaintiffs took the position that the amount was not accurate because of the payments they made to Rushmore *after* the last trial modification payment (due 3/1/16) but *prior* to the finalization and implementation of the permanent loan modification. Plaintiffs took the position that these payments should have been credited to the loan post-modification which, according to Plaintiffs, would make them due for the payment on July 1, 2016 (and not the June 1, 2016 payment).

On June 25, 2016, Plaintiffs made a payment of $2,413.47 which they claim should have been applied to the payment due on July 1, 2016. Complaint at ¶100. Therefore, when Plaintiffs received a statement that $4,760.56 was due on August 1, 2016 (representing the past-due July 1, 2016 payment and the payment due on August 1, 2016), Plaintiffs believed the statement was incorrect. Complaint at ¶100. On July 18, 2016, Plaintiffs sent Rushmore a Notice of Error (the "**First NOE**") and a second request for information (the "**Second RFI**").

The First NOE identified the alleged error as follows:

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

9

> The statement for August 2016, which was dated July 11, 2016, deemed the Plaintiffs account as not current, and charged both a late fee and a corporate advance fee despite him timely mailing his payments and subsequent charging of fees onto the account.

*See*, Complaint at ¶77; Ex. "I."

In their complaint, Plaintiffs acknowledge that Rushmore timely responded to the First NOE and the Second RFI. *See*, Complaint at ¶¶82 – 85; 90 – 93. In response to the First NOE Rushmore explained that there had not been a misapplication of Plaintiffs' payments. Specifically, Rushmore stated:

> "[t]he payments made on March 28, 2016 and April 27, 2016, were properly posted to the account. On June 28, 2016, the borrower made the June 1, 2016 payment in the amount of $2,413.47. However, the borrower did not make the July 2016 payment until August 4, 2016. Currently the loan is due for the August 1, 2016 payment in the amount of $2,348.09 and two late fees totaling $181.60. This information is detailed in the enclosed payment history you requested."

Complaint at ¶96; Ex. "L" at p. 1, ¶2.

Rushmore's response was thorough and detailed. It was not the "correct" answer according to the Plaintiffs, but it is clear from the response that Rushmore researched the details of the allegations in the First NOE and, after a thorough investigation, determined that there had been no servicing error on Plaintiffs' account.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

10

**f. Plaintiffs' September 19, 2016 Second NOE:**

On September 19, 2016, Plaintiffs send Rushmore a second notice of error (the "Second NOE"). Complaint at Ex. "M." The Second NOE addressed the same alleged servicing error (that Plaintiffs' payments had been continuously misapplied since April 1, 2016). *Id.* Rushmore timely acknowledged and responded to the Second NOE. Complaint at ¶¶113 – 115; Ex. "O." Plaintiffs' alleges in their complaint that Rushmore did not conduct a reasonable investigation into the alleged servicing errors; however, this allegation is clearly contradicted by the exhibits to Plaintiffs' complaint. *Id.* at Ex. "O." Again, Rushmore investigated Plaintiffs' allegation that it had misapplied payments. In response, Rushmore provided the following information:

> Any payment made after the expiration of the stipulated repayment plan on March 1, 2016, and prior to the ratification of the modification was reversed and reapplied, per the terms of the modification. In this instance, the April 1, 2012; May 1, 2012; and June 1, 2012 payments posted from suspense on April 30, 2016, were reversed on May 13, 2016, and the funds held in suspense until the modification was entered. On May 24, 2016, the modification was entered into Rushmore's system, the due date was rolled from April 1, 2012, to April 1, 2016, and $4,024.72 was taken from the suspense funds and applied to escrow per the terms of the modification. The loan was due for the April 1, 2016, monthly installment at this point.
>
> Rushmore received a payment of $2,413.47 on May 27, 2016, which was placed in suspense. On May 31, 2016, suspense funds were used to complete the April 1, 2016, and May 1, 2016, monthly installments.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

11

> Rushmore received a payment on June 28, 2016, in the amount of $2,413.47, which was applied to the June 1, 2016 monthly installment. Rushmore received a payment on August 4, 2016, in the amount of $2,413.47, which was applied to the July 1, 2016, monthly installment. Rushmore received a payment on September 6, 2016, in the amount of $2,413.47, which was applied to the August 1, 2016 monthly installment. Rushmore received a payment on October 3, 2016, in the amount of $2,413.47, which was applied to the September 1, 2016 monthly installment.

The information provided by Rushmore in its response to the Second NOE clearly indicates that (again) Rushmore conducted a reasonable investigation after which it (again) determined that none of Plaintiffs' payments had been misapplied. In the response to the Second NOE Rushmore provided Plaintiffs with even more detail regarding the implementation of the permanent loan modification and explained how each payment made by Plaintiffs had been applied – both before and after the permanent modification went into effect.

**g. The State Court Lawsuit:**

On September 28, 2016, nine (9) days after sending the Second NOE, Plaintiff Shirley Rios filed a lawsuit against Rushmore in Palm Beach County, County Court Case No. 2016-CC-011273 (the "**State Court Action**"). The complaint in the State Court Action was signed by Seth Wieder, Esq. who is an attorney with Loan Lawyers, LLC, the same law firm that initiated the above-styled case. The complaint in the above-styled case was signed by Michael A.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

12

Citron, Esq.; however, not Seth Wieder. The State Court Action is a two-count complaint that alleges Rushmore violated the FCCPA because (1) it contacted Shirley Rios directly when it knew she was represented by an attorney and (2) Shirley Rios received "relentless requests for payments from Defendant" which amounted to harassment. A true and correct copy of the complaint from the State Court Action is attached hereto as Exhibit "A."

## Memorandum of Law

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in a plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

13

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. at 679. Additionally, when reviewing the sufficiency of a complaint, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services,
LLC's Motion to Dismiss or, Alternatively, Motion
to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

14

Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."). *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997); *See also: Davis v. Self*, 547 Fed.Appx. 927 (11th Cir 2013); *Gubanova v. Miami Beach Owner, LLC* (SDFL December 2, 2013).

1. **<u>Count I Fails to State a Cause of Action under the FDCPA</u>:**

The FDCPA "seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp.2d 1305, 1306 (S.D. Fla. 2011), citing 15 U.S.C. § 1692(e) and *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir.2011). "In furtherance of that purpose, the FDCPA prohibits "debt collectors from engaging 'in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.' " *Bonifacio v. Northeastern Acquisitions Group, Inc.*, 798 F. Supp.2d 1321, 1323 (S.D. Fla. 2011), citing § 1692d. The FDCPA prohibits "debt collectors from using 'unfair or unconscionable means to collect or attempt to collect any debt.' " *Dunham*, 830 F. Supp.2d at 1306, citing 15 U.S.C. § 1692f . To state a claim under the FDCPA, the complaint must allege (1) that the plaintiff was the object of collection activity arising from consumer debt; (2) that the defendant is a debt collector as that term is

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

15

defined under the FDCPA, and (3) the defendant engaged in an activity that is prohibited by the FDCPA. *Helman v. Udren Law Offices, P.C.*, No. 14-60808, 2014 WL 7781199, at *2 (S.D. Fla. Dec. 18, 2014), citing *McCorriston v. L. W.T., Inc.*, 536 F. Supp.2d 1268, 1273 (M.D. Fla. 2008).

Neither the complaint nor the statements attached to the complaint as Exhibit "P" violate the FDCPA because do not establish that there has been a false representation of the character and amount of the debt.   As outlined above, Rushmore maintains that all of the charges to Plaintiffs' mortgage were authorized pursuant to the terms of the Note, Mortgage and permanent loan modification. Plaintiffs' claim that Rushmore violated 15 U.S.C. §1692e fails because there was no "false representation of the character and amount" of the debt.  To state a claim pursuant to Section 1692e(2)(A) of the FDCPA, Plaintiffs must identify how the communication falsely represented the amount or legal status of any debt.  *See Williams v. Edelman*, 408 F. Supp.2d 1261, 1269 (S.D. Fla. 2005).   Plaintiffs have neglected to provide this Court with copies of the Note and Mortgage that specifically authorize the late fees and property inspection fees.  Instead, Plaintiffs twist the same argument they are using to allege that Rushmore has violated RESPA and attempt to argue that Rushmore has also violated the FDCPA.

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services,
LLC's Motion to Dismiss or, Alternatively, Motion
to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

16

**2. <u>Count II Fails to State a Cause of Action under RESPA</u>:**

To state a RESPA claim for failure to respond to a qualified written request (QWR), a plaintiff must allege: "(1) defendant is a loan servicer under the statute; (2) defendant received a QWR from plaintiff; (3) the QWR relates to servicing of [a] mortgage loan; (4) defendant failed to respond adequately; and (5) plaintiff is entitled to actual or statutory damages." *Porciello v. Bank of Am., N.A.*, No. 8:14-cv-1511-T-17AEP, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015); *see also Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-ORL-22, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012).

The title of Count II is "Violation of 12 U.S.C. §2605(k)(1)(C)." That statute prohibits Rushmore from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. §2605(k)(1)(C). Notably, Plaintiffs do not allege a violation of 12 U.S.C. §2605(e)(2)(B)(i). This is because Rushmore timely and properly responded to each and every qualified written request submitted by Plaintiffs. Instead, Plaintiffs allege a violation of this "catch all" provision in an attempt to maintain a lawsuit under Regulation X which does not provide Plaintiffs with a private right of action. This is clear from the fact that

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

17

Plaintiffs also mention that Rushmore violated 12 C.F.R. §1024.35(e)(1)(i), 12 C.F.R. §1024.35(e)(3)(i )(A) and 12 C.F.R. §1042.35(e)(3)(i)(C). Complaint at ¶153. Last, despite the title of Count II, in paragraph 154 Plaintiffs also allege that Rushmore violated 12 U.S.C. §2605(k)(1)(E). This provision of RESPA prohibits Rushmore from failing "to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. §2605(k)(1)(E); Complaint at ¶154.

While Plaintiffs do incorporate all of their factual allegations in the first 137 paragraphs of the complaint, it is clear that the alleged violation in Count II surrounds Rushmore's response to the Second NOE. As an initial matter, Plaintiffs' RESPA claim fails because as a matter of law Regulation X does not provide borrowers with a private right of action for damages. In addition, even though Plaintiffs allege that Rushmore failed to reasonably investigate and correct the concerns raised in their Second NOE, that claim is squarely contradicted by the documents attached to the complaint that show Rushmore's compliance with the statute. Complaint at Ex. "O."

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

18

**a. <u>Plaintiffs Failed to State a Cause of Action that Rushmore Violated 12 U.S.C. §2605(k)(1)(C)</u>.**

It is clear from the complaint and attachments that Rushmore timely responded to each and every qualified written request from Plaintiffs. Pursuant to Regulation X, Rushmore also timely and completely responded to First NOE and Second NOE. Plaintiffs ultimate argument is that Rushmore violated 12.U.S.C. §2605(k)(1)(C) because Rushmore refused to "correct errors relating to allocation of payments" in order to apply the payments the way Plaintiffs wanted them applied. In making this argument, Plaintiffs ignore the fact that if Rushmore does not believe it has committed a servicing error, Regulation X only requires Rushmore to conduct a reasonable investigation into Plaintiffs' claims and communicate to Plaintiffs the reason Rushmore has concluded that there has not been a servicing error.

**b. <u>Plaintiffs' Allegation that Rushmore Violated Regulation X is Contradicted by Exhibit "O" to the Complaint</u>:**

Plaintiffs allege that Rushmore violated Regulation X by failing to "sufficiently respond to the [Second NOE]" and "when Rushmore did not provide a compliant written response to the [Second NOE] portion of the Plaintiff's [sic] Notice and failed to take the corrective action that a reasonable investigation would have otherwise shown was necessary." Complaint at ¶¶152 – 153. However, the

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

19

facts alleged in the complaint show just the opposite and demonstrate that Rushmore did investigate and respond to the Second NOE. Complaint at Ex. "O." Rushmore's response to the Second NOE demonstrates that Rushmore fulfilled its obligations under the statute. *Id*.

Regulation X requires that upon receipt of a notice of error, a servicer must respond by either:

> (a) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; OR
>
> (b) Conducting a **reasonable investigation** and providing the borrower with written notification that includes a statements that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number for further assistance.

12 C.F.R. § 1024.35 (emphasis added).

Rushmore complied with section 1024.35(b) by conducting a reasonable investigation and providing Plaintiffs with a written notice explaining that no serving error had occurred on their account. The information provided by Rushmore in its response to the Second NOE clearly indicates that Rushmore conducted a reasonable investigation after which it determined that none of

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

20

Plaintiffs' payments had been misapplied.  In the response to the Second NOE Rushmore provided Plaintiffs with even more detail regarding the implementation of the permanent loan modification and explained how each payment made by Plaintiffs had been applied – both before and after the permanent modification went into effect.

Plaintiffs also claim that Rushmore violated Regulation X by failing to "take the corrective action that a reasonable investigation would have otherwise shown was necessary."  Complaint at ¶153.  However, this allegation, even if assumed to be true, does not amount to a valid cause of action for violation of Regulation X, as the statute only sets forth requirements for a servicer's response to a notice of error. See *Eveillard v. Nationstar Mort.*, 2015 WL 127893, *7 (S.D. Fl. Jan. 8, 2015) (holding that even if the servicer had not corrected a servicing error, the fact that the servicer met its obligations in responding to the notice of error demonstrates compliance with Regulation X). Because Regulation X only governs a servicer's response to a notice of error, Plaintiffs' allegations that Rushmore failed to fix the alleged error does not state a valid cause of action for violation of the statute. Regulation X does not require the servicer to agree with the borrowers' notice of error.  Plaintiffs' conclusory allegation that Rushmore violated Regulation X is contradicted by Exhibit O attached to the Complaint. Rushmore complied with the

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services,
LLC's Motion to Dismiss or, Alternatively, Motion
to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

21

statute by investigating Plaintiffs' claims and providing a prompt detailed response. Plaintiffs' claim that Rushmore violated the statute should be dismissed.

c. **Regulation X Does Not Provide A Private Right of Action for Damages:**

Even if Rushmore had not complied with Regulation X, which it did, this Court should still dismiss Plaintiff's claim because Regulation X does not provide a private right of action for damages. *Miller v. HSBC Bank, U.S.A.*, 2015 WL 585589 (S.D. N.Y. Feb. 10, 2015) ("[Plaintiff's] claim based upon 12 C.F.R. § 1024.35 also fails because [Regulation X] does not provide a private right of action for damages"); See *Kilgore v. Ocwen Loan Servicing, LLC*, 2015 WL 968108, Fn. 4 (E.D. N.Y. Mar. 6, 2015) ("Additionally...there is no private cause of action for an alleged violation of Section 1024.35.") Regulation X provides that, if a borrower sends a notice of error to his or her servicer, the servicer is prohibited from furnishing "adverse information to any consumer reporting agencies regarding any payment that is the subject of the notice of error for 60 days after receiving the notice." (*Id*. at *11.) Because Regulation X includes the remedies available under the statute, and because a private right of action for alleged damages is not among them, this Court should find that Plaintiffs' claim for damages under the notice of error provision fails as a matter of law. *Miller*, 2015

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

22

WL 585589 at *11, citing *Nat'l R.R. Passenger Corp. V. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("when legislation expressly provides a particular remedy of remedies, courts should not expand the coverage of the statute to subsume other remedies.")

**3. <u>Count III Fails to State a Cause of Action under RESPA</u>:**

The title of Count III is "Violation of 12 U.S.C. §2605(k)(1)(E)." This provision of RESPA prohibits Rushmore from failing "to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. §2605(k)(1)(E); Complaint at ¶154. It is clear from the allegations of Count III Plaintiffs' are in actuality alleging that Rushmore's RESPA violation is actually Rushmore's alleged failure to comply with 12 C.F.R. §1024.36(c) and 12 C.F.R. §1024.36(d)(2)(i)(B) because Rushmore "did not provide compliant responses to the requests for information." Complaint at ¶156. In Count III, Plaintiffs also allege that Rushmore violated 12 C.F.R. 1026.36(c)(3) because Rushmore "failed to provide an accurate and up-to-date payoff request. *Id.*

The allegations of Plaintiffs' complaint establish that Rushmore timely responded to each request for information. The attachments to Plaintiffs' complaint establish that Rushmore provided responses to the requests for

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

23

information that complied with §1024.36(d)(2)(i)(B). Last, Plaintiffs claim related to the payoff statements provided by Rushmore fails to state a cause of action under RESPA because the Truth in Lending Act (TILA), rather than RESPA, imposes the requirement on servicers of home loans to provide payoff statements to borrowers. 15 U.S.C § 1639(g). "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." *Id*. There is no similar inclusion of payoff statements in RESPA.

Even assuming that the payoff statement was governed by RESPA, the request for a current payoff statement of Plaintiffs' loan still does not relate to the "servicing" of a loan and therefore the failure to provide the payoff statement does not constitute a violation of RESPA. *See Bracco v. PNC Mortgage*, 2016 WL 4507925 (M.D. Fla. Aug. 29, 2016) (request for payoff statement did not relate to the servicing of the loan and therefore could not constitute a RESPA violation); *see also*, *Hudgins v. Seterus, Inc.*, 2016 WL 3636859 (S.D. Fla. June 29, 2016) (finding that an identical request did not relate to servicing); *Sirote v. BBVA Compass Bank*, 857 F.Supp.2d 1213 (N.D. AL 2010) ("A simple inquiry into payments made, without more, cannot be interpreted as either a 'statement of the

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

24

reasons for the belief of the borrower, to the extent applicable, that the account is in error).

**4. Alternative Motion to Abate this Action Pending Outcome of State Court Litigation:**

Alternative to the grounds outlined above, Rushmore requests that this Court dismiss the action based on the pending State Court litigation. The State Court action alleges that Rushmore violated the FCCPA as a result of servicing errors. The above-styled case alleges related violations of the FDCPA and RESPA. The the state and federal cases need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *See, Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004); *see also, O'Dell v. Doychak*, No. 6:06-cv-677-ORL-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) ("Parallel proceedings do not have to involve identical parties, issues and requests for relief."). In *Ambrosia*, the Eleventh Circuit lists six factors that must be weighed by this Court in connection with its consideration of Rushmore's request that it abstain from exercising jurisdiction over this matter. These factors include: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

25

jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court. *Ambrosia Coal*, 368 F.3d at 1331. In this instance, the factors weigh in favor of dismissal of the above-styled case on abstention grounds. The State Court Action obtained its jurisdiction first. In addition, there is a potential for piecemeal litigation. The alleged violations in both lawsuits cover the same time frame and the same Borrower/mortgage servicer relationship. However, the State Court Action was only brought by Shirley Rios. This leaves a greater exposure for inconsistent results and what the impact of a judgment in the State Court Action could have on the above-styled case. The state court can adequately address the alleged RESPA and FDCPA violations, should Plaintiff Shirley Rios pursue an amendment of her complaint in the State Court Action. This Court could, in the alternative, enter an order staying the above-styled case pending the outcome of the State Court Action. *See, e.g., Sides v. Simmons*, 2007 WL 3344405 (S.D. Fla. 2007) (stay entered in Federal case pending outcome of related/similar litigation that had been filed first by plaintiffs in state court).

**Conclusion**

Plaintiffs' complaint fails to state a cause of action for a violation of the FDCPA or RESPA. The allegations of the complaint and the exhibits to the complaint establish that Rushmore fulfilled all of its obligations under Federal law

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

26

in connection with its servicing of Plaintiffs' mortgage loan. In addition, the complaint and the Exhibit "P" do not contain amounts not authorized by the Note, Mortgage and permanent loan modification. This Court should therefore dismiss Plaintiffs' complaint. Alternatively, this Court should dismiss the above-styled case pending the outcome of the State Court Action or enter a stay of this case pending the outcome of the State Court Action.

/s/ Melissa A. Giasi
Melissa A. Giasi
FL Bar No. 37807
mgiasi@kasslaw.com
Kass Shuler, P.A.
P.O. Box 800, 1505 N. Florida Ave.
Tampa, FL 33601
*Counsel for Defendant*

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

27

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to: Michael Citron, Esq., Loan Lawyers, LLC, 2150 S. Andrews Ave., 2nd Floor, Fort Lauderdale, FL 33316, Michael@fight13.com.

/s/ Melissa A. Giasi
Melissa A. Giasi

*Rios v. Rushmore Loan Management Services, LLC*
Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation

United States District Court
Southern District of Florida
16-CV-81973-KAM

28