UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81973-CIV-MARRA/MATTHEWMAN

MIGUEL RIOS AND
SHIRLEY H. RIOS,

    Plaintiffs,
vs.

RUSHMORE LOAN
MANAGEMENT SERVICES, LLC,

    Defendant.
_____/

## ORDER AND OPINION ON MOTION TO DISMISS OR ABATE

**THIS CAUSE** is before the Court upon Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation [DE 7]. The Court has carefully considered the Complaint (DE 1), the motion (DE 7), response (DE 11), notice of filing exhibit (DE 8), and supplemental authority (DE 17). No reply has been filed.

### INTRODUCTION

Plaintiffs Miguel Rios and Shirley Rios ("Plaintiffs") bring this suit against Rushmore Loan Management Services, LLC ("Defendant"), a mortgage servicer, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA") (Count I), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605(k)(1)(C) and 2605(k)(1)(E) ("RESPA") (Counts II and III). Plaintiffs allege Defendant failed to reasonably investigate problems and correct errors with Plaintiffs'

federally related mortgage loan. Defendant moves to dismiss the Complaint arguing it has not committed any servicing errors in violation of RESPA;[1] that Regulation X does not provide Plaintiffs with a private right of action; that the allegation that Rushmore violated Regulation X is contradicted by Exhibit O to the Complaint; that the alleged errors pursuant to Regulation X do not state a valid cause of action for violation of the statute; and, in the alternative, that the Court should abate this action pending the outcome of the state court litigation.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

---

[1] Defendant's assertions, made throughout its motion, that it did not do what is alleged, is a denial and not a basis to move to dismiss the complaint or to support an argument that the claim fails to state a cause of action. A motion to dismiss is not the proper vehicle to challenge the veracity of a Complaint's well-pled allegations.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## **DISCUSSION**

Count I alleges that Defendant violated the FDCPA, 15 U.S.C. § 1692(e)(2)(A), which prohibits debt collectors from falsely representing the "character, amount, or legal status of any debt."[2]  Plaintiffs allege that Defendant repeatedly claimed that Plaintiffs were indebted to Defendant for sums which had already been paid by Plaintiffs, or for fees that were not permitted.  By claiming that such sums were due, Plaintiffs allege that Defendant "made false representations of the character, amount and legal status of a debt in contravention of the FDCPA."  Compl. ¶ 142.

---

[2]  The FDCPA provides as follows:
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt[.]

15 U.S.C. §§ 1692(e)(2)(A).

Defendant asserts that this fails to state a cause of action under the FDCPA because all of the charges to Plaintiffs' mortgage were authorized pursuant to the terms of the Note, Mortgage and permanent loan modification.  Defendant argues that the Note and Mortgage specifically authorize the late fees and property inspection fees, which Note and Mortgage Plaintiffs have not attached to their Complaint.[3]

The Plaintiffs' allegations provide specifically what communications were violative, from whom the communications originated, and how those communications falsely represented the amount or legal status of the Plaintiffs' mortgage loan. Paragraphs 44-47, 100, and 138-150 clearly allege that Plaintiffs were never late on their payments once the trial modification began, and that Defendant improperly charged late fees, property preservation fees and property inspection fees that were not due.  The Court finds that the allegations supporting Count I are sufficient to support a cause of action under § 1692(e)(2)(A) for FDCPA liability.  Accordingly, Defendant's motion to dismiss Count I is denied.

## Count II

RESPA is "a remedial consumer-protection statute," and as such, it "should be construed liberally in order to best serve Congress' intent."  *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016); *McLean v. GMAC Mortg. Corp.*, 398

---

[3] Plaintiffs' FDCPA claim flows, in large part, from the allegation that Defendant improperly charged late fees to Plaintiffs' mortgage account when their loan was current.  The Note and Mortgage are not necessary documents to support this allegation.

F.App'x 467, 471 (11th Cir. 2010). As relevant to this action, RESPA prohibits servicers of a federally related mortgage from failing to "take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." *See* 12 U.S.C. § 2605(k)(1)(C). If a servicer fails to comply with any provision of § 2605, the borrower may sue for damages under RESPA. *See* 12 U.S.C. § 2605(f). Counts II and III of the Complaint allege violations of RESPA premised on Regulation X, 12 C.F.R. part 1024, which implements RESPA and took effect on January 10, 2014.

Regulation X requires mortgage servicers to investigate and respond to any written notice from borrowers that asserts an "error" related to the servicing of their mortgage. *See* 12 C.F.R. § 1024.35(a)–(e); *see also Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016). Although the types of errors subject to this provision are limited to certain identified categories, these covered errors are "broadly defined," *see Nunez v. J.P. Morgan Chase Bank, N.A.*, 648 F.App'x 905, 907 (11th Cir. 2016) (citing 12 C.F.R. § 1024.35(b)), and Regulation X includes a "residual category for '[a]ny other error relating to the servicing of a borrower's mortgage loan,'" *id*. (quoting 12 C.F.R. § 1024.35(b)(11)). In response to a notice of error, absent exceptions inapplicable here, "the servicer must either correct the errors the borrower identified and notify the borrower in writing or, after a reasonable investigation, notify the borrower in writing that it has determined no error occurred

and explain the basis for its decision." *Lage*, 839 F.3d at 1007 (citing 12 C.F.R. § 1025.35(e)(1)(i)); *see also* 12 U.S.C. § 2605(e)(2).  Generally, a servicer has 30 days to respond to a notice of error.  12 C.F.R. § 1025.35(e)(3)(i)(C); *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1188 (S.D. Fla. 2015).

Count II alleges that Defendant violated RESPA at 12 U.S.C. § 2605(k)(1)(C) and (E) by not complying with 12 C.F.R. 1024.35(d) when it failed to respond sufficiently to Plaintiffs' second Notice of Error ("NOE") (attached to the Complaint as Exhibit M (DE 1-13)) by not addressing the error asserted and not taking the corrective action that a reasonable investigation would have otherwise shown was necessary.  Compl. ¶¶ 152-154, Ex. M.

Defendant argues that Count II fails to state a cause of action because (1) Regulation X does not provide Plaintiffs with a private right of action; (2) the claim that Defendant failed to reasonably investigate and correct the concerns raised in Plaintiffs' second NOE is contradicted by Exhibit O attached to the complaint; and (3) Defendant complied with Regulation X, which only requires Defendant to conduct a reasonable investigation into Plaintiffs' claims and communicate to Plaintiffs the reasons Defendant concluded that there has not been a servicing error.

Defendant cites no authority for its first argument, that Plaintiffs' RESPA claim fails because Regulation X does not provide borrowers with a private right of action.  The plain language of the Regulation states the exact opposite however.  "Whoever fails to comply with any provision of this section shall be liable to the borrower for

each such failure in the following amounts . . . ." 12 U.S.C. § 2605(f); *see also, Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) ("[i]f the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA"); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245-46 (11th Cir. 2016) (RESPA makes violators liable to individual borrowers for any actual damages to the borrower and any additional damages as the court may allow); *Berene v. Nationstar Mortgage LLC*, 2016 WL 3787558, at *2 (S.D. Fla. 2016).

Next Defendant argues that it complied with Regulation X, which only requires it to conduct a reasonable investigation into Plaintiffs' claims and communicate to Plaintiffs the reasons it concluded that there has not been a servicing error. Defendant further asserts that Plaintiffs' claim that it failed to reasonably investigate and correct the concerns raised in Plaintiffs' second NOE (DE 1-13, Ex. M) is contradicted by Exhibit O (DE 1-15) to the complaint, which is a copy of Defendant's response to Plaintiffs' second NOE.

Plaintiffs respond that their requests asked for explanations of a narrow set of fees and charges, including the basis for those charges as levied on Plaintiffs' mortgage account, and in some cases asked for the receipts and invoices to support those fees and charges. Plaintiffs allege that despite those specific requests, Defendant did not explain any of the charges as requested, nor did the purported breakdown provide any evidence or support for any of the charges alleged as due on

Plaintiffs' mortgage loan account.  Compl. ¶¶ 62, 64, 102, 105, 122, 125, 153.  Accepting these allegations as true, they are sufficient to support a plausible claim under RESPA.  The determination of whether a reasonably sufficient investigation occurred requires additional factual determinations that are not appropriate on a motion to dismiss.  *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016) ("In reviewing Rule 12(b)(6) motions, courts are bound to accept the plaintiff's allegations as true and to construe them in the light most favorable to her.  [The defendant] asks us to do the opposite.  [The defendant] suggests we should accept its contrary allegations—that it conducted a reasonable investigation into [the plaintiff's] account and found no error—and then to grant its motion to dismiss on that basis.  We decline to do that.").  Accordingly, Defendant's motion to dismiss Count II must be rejected.

**Count III**

Count III alleges that Defendant violated RESPA at 12 U.S.C. § 2605(k)(1)(E) by not complying with 12 C.F.R. 1024.36(c) and 12 C.F.R. 1024.36(d)(2)(i)(B) in that Defendant "did not provide compliant responses to the requests for information, and specifically failed to provide an accurate and up-to-date payoff request made pursuant to 12 C.F.R. 1026.36(c)(3), within the required timeframe."  Compl. ¶ 156.

When a borrower requests information from a loan servicer, Regulation X provides that the loan servicer shall provide "a written response acknowledging receipt" of that request within five days of receiving the request.  12 C.F.R. §

1024.36(c);[4] *Meeks v. Ocwen Loan Servicing LLC,* 2017 WL 782285, at *1 (11th Cir. 2017).  A loan servicer must respond to a request for information, other than information about the identity and contact information of the owner or assignee of a mortgage, within 30 days (excluding legal public holidays, Saturdays, and Sundays) of receiving the request. 12 C.F.R. § 1024.36(d)(2)(i).

There are no allegations in Count III, or anywhere in the Complaint for that matter, that any of Defendant's responses to Plaintiffs' requests for information were untimely.  Therefore, no claim is stated for violations of 12 C.F.R. 1024.36(c) and 12 C.F.R. 1024.36(d)(2)(i)(B).  However, 12 C.F.R. § 1026.36(c)(3) is cited in paragraph 156, a regulation under the Truth in Lending Act ("TILA") which imposes the requirement on servicers of home loans to provide payoff statements to borrowers. *See*, 15 U.S.C § 1639(g).

> The Truth in Lending Act (TILA), rather than RESPA, imposes the requirement on servicers of home loans to provide payoff statements to borrowers. 15 U.S.C § 1639(g). "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."  *Id*. There is no similar inclusion of payoff statements in RESPA.

---

[4]  Section 1024.36(c) of Regulation X, under the title "Acknowledgment of receipt," provides that
> Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

12 C.F.R. § 1024.36(c).

*Bracco v. PNC Mortgage*, 2016 WL 4507925, at *5 (M.D. Fla. 2016).  According, the motion to dismiss will be granted as to Count III, with leave to amend should Plaintiffs wish to assert a claim for violation of TILA, 12 C.F.R. § 1026.36(c)(3), for failure to provide a payoff statement.

**Alternative Motion to Abate**

Defendant requests that this Court dismiss this action on the alternative ground of the *Colorado River* abstention doctrine.  "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation omitted and alteration adopted).  The "obligation of the federal courts to exercise the jurisdiction given them" is "virtually unflagging."  *Id*.  Thus, "*Colorado River* abstention is particularly rare." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013).

"The principles of [the *Colorado River*] doctrine rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (*per curiam*) (quotation omitted and alteration adopted).  *Colorado River* abstention applies only "when federal and state proceedings involve substantially the same parties and substantially the same

issues." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).  If this threshold condition is met, then eight factors are weighed to analyze the permissibility of abstention, with the balance heavily weighted in favor of the exercise of jurisdiction.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The Court has carefully compared this case to the case pending in state court[5] and finds that the two cases are not substantially similar, eviscerating the need to perform the exercise of weighing the various factors.  The state case is brought solely on behalf of Mrs. Rios, whereas this case is brought by Mrs. Rios and her husband.  More significant, however, is that factually the two cases have nothing to do with one another.  The instant matter concerns alleged servicing errors and Defendant's alleged failure to comply with Regulation X servicing requirements.  The state court action, in contrast, is based on allegations that Defendant attempted to collect the debt directly from Mrs. Rios when it knew that she was represented by counsel.

---

[5] This Court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006).  In considering Defendant's Motion to Abate Pending Outcome of State Court Litigation (as a part of the motion to dismiss), this Court may, and does in this case, take judicial notice of the Complaint, *Shirley Rios v. Rushmore Loan Management Services, LLC*, filed in the County Court of the 15th Judicial Circuit that is attached to Defendant's Notice of Filing Exhibit A to Defendant's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation, DE 8.  *See Myrtyl v. Nationstar Mortg. LLC,* Case No. 15-CIV-61206, 2015 WL 4077376, at *1 (S.D. Fla. July 6, 2015) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

It is clear that resolution of the state court case would not leave this Court with "nothing further to do," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28, and therefore the Court has more than a "substantial doubt" about whether this case and the state court case have substantially similar issues. *See Acosta v. James A. Gustino, P.A.*, 478 F.App'x 620, 622 (11th Cir. 2012) (finding cases not parallel despite overlapping issue); *Reiseck v. Universal Communications of Miami, Inc.*, 141 F. Supp. 3d 1295, 1305 (S.D. Fla. 2015). Accordingly, the motion to abate based on the *Colorado River* doctrine is denied.

According to the conclusions reached herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss or, Alternatively, Motion to Abate Pending Outcome of State Court Litigation [DE 7] is denied in part and granted in part. It is denied in all respects except that Count III is dismissed without prejudice. If Plaintiffs wish to replead Count III to assert a claim under the TILA, an Amended Complaint must be

filed on or before August 4, 2017.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of July, 2017.

_____
KENNETH A. MARRA
United States District Judge